UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHID DEARY-SMITH,<br><br>Plaintiff,<br><br>v.<br><br>NOAH PHILLIPS,,<br><br>Defendant. | No.  2:14-cv-02781 TLN KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

  The instant lawsuit was purportedly filed on behalf of one Rashid Deary-Smith.  The operative Amended Complaint (ECF No. 4) alleges that Mr. Deary-Smith is jailed at the Rio Cosumnes Correctional Center in Sacramento County, and asserts multiple violations of 42 U.S.C. § 1983 based on an alleged denial of Mr. Deary-Smith's Sixth Amendment right to a speedy trial.  The sole named defendant is Noah Phillips, who is identified as a Sacramento County District Attorney.

  Ordinarily, this case would be dismissed under the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1973).  Per Younger, a federal court should generally abstain from allowing a case to proceed if "there is an ongoing state judicial proceeding, . . . the state proceeding implicates important state interests, and . . . there is an adequate opportunity in the state proceeding to raise federal constitutional challenges" raised in the federal case. Confederated Salish v. Simonich, 29 F.3d 1398, 1402 (9th Cir. 1994) (citing Middlesex Cnty.

1

1   Ethics Comm. v. Garden St. Bar Ass'n, 457 U.S. 423, 432 (1982)).  The present case, which
2   challenges a state court's alleged denial of plaintiff's right to a speedy criminal trial, would
3   appear to meet all of the Younger factors.

4   Nevertheless, the instant case presents a more fundamental problem.  Every document in
5   this case has been filed by one Patricia L. Smith, who styles herself as the "Attorney in Fact" for
6   Mr. Deary-Smith.  In federal court, parties are only permitted to "plead and conduct their own
7   cases personally or by counsel . . . ."  28 U.S.C. § 1654.  "It is well established that the privilege
8   to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to
9   other parties or entities."  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (citing
10  McShane v. U.S., 366 F.2d 286, 288 (9th Cir. 1966)).  "Consequently, in an action brought by a
11  pro se litigant, the real party in interest must be the person who 'by substantive law has the right
12  to be enforced.'"  Id. (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th
13  Cir. 1987)).  "[A] non-attorney . . . has no authority to appear as an attorney for others than
14  himself [or herself]."  C.E. Pope, 818 F.2d at 697.

15  It does not appear that Patricia L. Smith is a licensed attorney admitted to practice before
16  this court.  Local Rule 135(g) provides that "[a]ll attorneys who wish to file documents in the
17  Eastern District of California must be admitted to practice or admitted to appear pro hac vice."
18  The court's internal records do not show that an attorney with the name "Patricia L. Smith" has
19  been admitted to practice before the Eastern District of California.

20  Further, as it is Rashid Deary-Smith whose right to a speedy trial is purportedly being
21  denied, it is he who "by substantive law has the right to be enforced."  C.E. Pope, 818 F.2d at
22  697.  While Patricia L. Smith repeatedly identifies herself as the "attorney in fact" for Rashid
23  Deary-Smith, an agency relationship is insufficient to raise this right on Mr. Deary-Smith's
24  behalf.  If Rashid Deary-Smith wishes to prosecute a lawsuit before this court, he must either sign
25  and file all of the necessary documents himself, or retain an attorney licensed to appear before
26  this court to do so on his behalf.  A non-attorney, as Ms. Smith appears to be, may not appear in
27  his stead.  As it stands, the court cannot even be sure whether Rashid Deary-Smith wanted this
28  lawsuit to be filed.

In light of the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 4, 2015

/dear2781.dism

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE